# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**SPARKY D. WATSON**                                                            **PETITIONER**

**V.**                                               **NO. 3:10CV106-M-A**

**TIMOTHY MORRIS,** *et al.*                                          **RESPONDENTS**

## MEMORANDUM OPINION

This cause comes before the court on the petition of Sparky D. Watson, inmate number 131771, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that petition should be denied.

*A. Factual and Procedural Background*

Sparky Watson was convicted of the sale of marijuana (Count I) and the sale of cocaine (Count II) in the Circuit Court of Grenada County. He was sentenced in Count I to serve three years in the custody of the Mississippi Department of Corrections and, in Count II, to a term of twenty years to be served concurrently. The Mississippi Supreme Court denied Watson's Petition for Writ of Certiorari. Watson then sought a writ of certiorari to the United States Supreme Court which was denied on March 1, 2010. Next, Watson filed an application for permission to seek post-conviction collateral relief in the Mississippi Supreme Court which was denied on August 4, 2010. Finally, Watson filed this, his federal habeas petition asserting six grounds for relief.[1]

In his own words, Watson argues:

> Ground One          The state courts' erred in their review of Watson's case on the merits because there was insufficient evidence to support the state courts' decisions.

---

[1] There is no challenge to the timeliness of the petition.

| | |
|---|---|
| Ground Two | Watson was denied a fair trial when information about a crime not charged in the indictment was released. |
| Ground Three | Watson was denied a fair trial when state's witness was allowed to testify regarding a later "P.C." buy. |
| Ground Four | Watson's counsel was ineffective during trial. |
| Ground Five | Watson's indictment was defective in that it failed to correctly identify the purchaser of the drugs and contained false statements. |
| Ground Six | Watson was denied due process and a right to a fair trial based on evidence that the detectives in his case were unreliable. |

*B. Limitations on Review*

Consideration of a federal petition for habeas corpus is a two-tiered procedure. Before considering the merits of any claim the court must first determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. First, the petition must be timely filed. Secondly, each claim in the petition must have been exhausted. 28 U.S.C. § 2254(b)(1). A claim is deemed exhausted if it has been presented to the highest court in the state, here the Mississippi Supreme Court, either on direct appeal or by post-conviction proceedings. If the claim is exhausted the court generally proceeds to the merits. If the claim is not exhausted and state post-conviction relief is no longer available, the claim will be finally dismissed. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

Petitioners must also meet state requirements in the state court proceedings. If the state court, pursuant to its regularly enforced rules and procedures, refuses to consider an issue on the merits because of a procedural violation, the federal courts will almost never consider the procedurally defaulted claim. *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001). To avoid the bar of a

procedural default, the petitioner must show "cause and prejudice" or that a "fundamental miscarriage of justice" will result if the court refuses to entertain the petition. *Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir. 1998). If all the procedures have been followed in state court, the federal courts will then address issues affecting substantial federal constitutional rights.

The federal courts do not function as super appellate courts over the states and hold no supervisory authority over those courts. The federal courts may not correct errors of state law unless they also violate the constitutional rights of an accused. *Smith v. Phillips*, 455 U.S. 209, 221, 102 S.Ct. 940, 948, 71 L. Ed. 2d 78 (1981); *Engle v. Isaac*, 456 U.S. 107, 121, n.21, 102 S.Ct. 1558, n.21, 71 L. Ed. 783 (1982).

Even in matters affecting fundamental constitutional rights the federal courts have a very limited scope of review. Title 28 U.S.C. § 2254(d) provides:

> (D) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The federal courts may not disturb the legal holdings of the state courts even if convinced they are erroneous. The federal courts may intervene only if the application of federal law is also objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L. Ed. 2d 389 (2000). The statute presumes each factual finding by the state court is correct. These findings can be disturbed only if the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## C. Discussion

Ground One: Insufficient Evidence

In support of Ground One, Watson argues that the trial court erred in its review of his case on the merits because its decision was not supported by accurate facts. Specifically, Walker claims that conflicts between a witness's testimony and other reports confused the jury and prejudiced his case.

Watson admits that he did not exhaust this claim by presenting it to the Mississippi Supreme Court, either on direct appeal or post-conviction proceedings. If a claim is not exhausted and state post-conviction relief is no longer available, the claim will be finally dismissed. *Sones,* 61 F.3d at 416. By failing to raise the allegations on appeal or post-conviction proceedings, Watson waived the opportunity to have the state courts review the claim. Watson, therefore, has defaulted on this claim and it will be dismissed.

Ground Two: Introduction of Crime Not Charged in Indictment

Watson claims that he was denied a fair trial when videotape evidence regarding an attempted sell of drugs[2]– which was not charged in the indictment– was allowed to be presented. He further complains that a cautionary instruction should have been given.[3]

---

[2] The videotape was part of an undercover buy used as evidence against Watson. The portion of the tape he finds objectionable is the beginning where Watson passed a bag to Agent Peeples. Peeples, however, did not purchase the contents of the bag. Watson, therefore, was not charged with any crime related to that attempted transaction. And, the contents of the bag were never tested.

[3] Watson also claims, (1) that the court should have granted a mistrial when a state witness referred to the substance as cocaine and (2) that the trial court erred in allowing jury to replay the tape during deliberations. However, because these claims were not raised in pre-trial motions or post-conviction relief to the highest court of Mississippi, Watson may not seek habeas relief for those two claims now. *Manning v. Epps*, 695 F. Supp. 2d 323 (N.D. Miss. 2009).

The first claim to be considered is the videotape depicting an earlier attempt to sell drugs which was not charged in the indictment. The Mississippi Court of Appeals considered this claim on direct appeal and held that the trial court did not commit any error by admitting that portion of the videotape. *Watson v. State,* 19 So.3d 747, 749-50 (Miss. Ct. App. 2008). The Due Process Clause only affords relief in habeas cases where the state's rulings on state law are "so egregious that they render the trial fundamentally unfair." *Gonzales v. Thaler*, 10-20019, 2011 WL 2305960 (5th Cir. June 13, 2011).

Reviewing this claim, the Mississippi Court of Appeals held that state law allows for admission of evidence of another crime when "the offense charged and that offered to be proved are so interrelated as to constitute a single transaction." *Watson,* 19 So.3d at 749(quoting *Jones v. State,* 920 So.2d 465, 474 (Miss.2006) (citations omitted)). Despite the evidence of another crime–the attempted sell of drugs– it was part of the same transaction as the marijuana sale for which Watson was charged and convicted. The trial court's decision was in accordance with state law. But in any event the admission of the tape is not so "egregious" that it makes the outcome of Watson's trial "fundamentally unfair." As such, habeas relief may not be granted and this claim will be dismissed.

Watson next argues that, if the objectionable segment of the videotape was properly allowed, the court should have given a cautionary instruction. This issue was considered by the Mississippi Supreme Court on appellate review and was denied.

Generally, challenges to jury instructions do not form a basis for federal habeas relief. *Gilmore v. Taylor*, 508 U.S. 333, 113 S.Ct. 2112, 124 L. Ed. 2d 306 (1993). In order to warrant habeas relief, the jury instruction must be erroneous and have caused harm. *Galvan v. Cockrell*, 293 F.3d 760, 764-64 (5th Cir. 2002). Constitutional errors cause harm when they have a "substantial

or injurious effect or influence in determining the jury's verdict." *Id*.

Watson has failed to prove that the exclusion of a cautionary instruction had a "substantial or injurious" impact on the outcome of his case. Furthermore, the state courts held that it was not error for the videotape to be introduced and this court agrees. There being no sustainable objection to the admission of the surveillance tape, there is logically no basis to require a cautionary instruction. This claim will also be dismissed.

Ground Three: Witness Testimony

Watson argues that he was denied a fair trial when Agent Peeples was allowed to testify about a "P.C." buy of cocaine. The record shows that Agent Peeples was only asked by the prosecution to clarify about the "P.C." buy after defense counsel admitted a crime report that detailed two cocaine submissions. S.C.R., Vol. 2, pg. 65. The Mississippi Court of Appeals found Watson's complaint to be without merit. Citing state law, the court held that a "defendant may not, himself, introduce evidence at trial and then assert on appeal that the admission of the evidence constituted reversible error." *Watson,* 19 So.3d at 751(quoting *Hobson v. State,* 730 So.2d 20, 24-25 (Miss.1998)).

Admission of evidence is a matter of state law. Generally, federal courts can not rule that a state incorrectly interpreted its own law. *Charles v. Thaler*, 629 F.3d 494, 500-01 (5th Cir. 2011). Even if the state incorrectly interpreted its law, the error must have "infused the trial with unfairness as to deny due process of law." *Manning v. Epps*, 695 F. Supp. 2d 323, 376 (N.D. Miss. 2009); (*See Lisenba v. California,* 314 U.S. 219, 228, 62 S.Ct. 280, 86 L.Ed. 166 (1941) (due process is denied when the court fails "to observe that fundamental fairness essential to the very concept of justice")).

Because Watson's attorney elicited the initial testimony relating to the cocaine sales, the trial

court did not err in allowing the prosecution to clarify the "P.C." buy. However, even if the court did err, that testimony did not deprive Watson of the "fundamental fairness essential to the very concept of justice." *Lisenba,* 314 U.S. at 228. Therefore, this claim does not warrant habeas relief and will be dismissed.

Ground Four: Ineffective Assistance of Counsel

Watson makes several claims regarding the efficacy of his attorney's representation. Many of these claims were not presented to the Mississippi courts on either appellate or post-conviction review and, therefore, are procedurally barred.[4] Four charges, however were raised in post-conviction review and are appropriate for consideration. First, Watson alleges that his attorney failed to request an entrapment instruction. Next, he argues that his attorney failed to present an entrapment defense. Third, he contends that his attorney failed to fully investigate his case. Finally, Watson argues that his counsel failed to object "on time or at all" during the proceedings.

To establish ineffective assistance of counsel the petitioner must show (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 688, 687, 104 S.Ct. 2-52, 80 L. Ed. 2d 674 (1984); *Pitts v. Anderson,* 222 F.3d

---

[4] Respondents note that Watson also claims ineffective assistance of counsel for, (1) failure to prove that the evidence was planted and the videotape was tampered with; (2) failure to act on Petitioner's information that the North Central Narcotics Task Force was fraudulent; (3) conflict of interest demonstrated by attorney bringing Petitioner to courthouse to negotiate a plea; (4) failure to ask the trial court for permission to allow Petitioner to address the court before sentencing; (5) failure to force the state to prosecute earlier charges; (6) failure to investigate the death of the C.I.; (7) improperly enlisting Petitioner's mother to persuade Petitioner not to testify; (8) failure to effectively cross-examine state's witness; (9) failure to effectively argue against state's objection; (10) failure to submit additional physical evidence; (11) failure to replay videotape for jury; (12) failure to move for directed verdict of JNOV. Because, however, these claims were not raised in pre-trial motions or post-conviction relief to the highest court of Mississippi, Watson may not now seek habeas relief. *Manning v. Epps*, 695 F. Supp. 2d 323 (N.D. Miss. 2009).

7

275 (5th Cir. 1997). The petitioner must show that counsel's representation "fell below the objective standard of reasonableness." *Strickland,* 466 U.S. at 687-88.

The deficiency determination is not unguided. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Id.* at 689 (quoting *Michael v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L. Ed. 83 (1955)). The court is not to analyze counsel's actions in hindsight, but rather to judge his or her decisions in a highly deferential manner. *Motley v. Collins,* 18 F.3d 1223, 1226 (5th Cir. 1994) (citing *Strickland*, 466 U.S. at 689).

If counsel's performance is deemed "to have been deficient, then [the court] must determine whether there exists a reasonable probability that but for the complained-of error the outcome of the trial or appeal would have been different." *Sharp v. Johnson*, 107 F.3d 282, 286, n.9 (5th Cir. 1997). A reasonable probability is one sufficient to undermine confidence in the outcome of the proceeding. *Moawad*, 143 F.3d at 946. In order to make the required showing on the prejudice prong of *Strickland*, a petitioner must not just allege, but must actually prove prejudice. *Bonvillain v. Blackburn,* 780 F.2d. 1248, 1253 (5th Cir. 1986).

In the first part, Watson claims that his attorney failed to request an entrapment instruction. The Respondents point to the record which shows this was a tactical maneuver by the attorney to deny that Watson was the individual on the videotape. Watson relies on *Matthews v. United States.,* 485 U.S. 58, 108 S.Ct. 883, 99 L. Ed. 2d 54 (1988), for the proposition that it is permissible to pursue inconsistent defenses. Defense counsel, however, made a tactical and logical decision not to present conflicting defenses to the jury. Even assuming the attorney made a tactical error, "tactical

8

errors on the part of any attorney do not constitute a denial of effective assistance." *Sones*, 61 F.3d at 416. Thus, this argument has no merit.

Similarly, Watson argues that his attorney failed to present an entrapment defense. The analysis above is relevant to this argument. In addition, the videotape shows Watson's voluntary involvement, rendering an entrapment defense futile. Watson further argues that the videotape was tampered with, but he offers no evidence to support that claim. Conclusory allegations and speculative theories are insufficient to support an ineffective assistance of counsel claim. Consequently, this argument has no merit.

Watson also asserts that his trial counsel failed to fully investigate the case. Specifically, he complains that trial counsel failed to prove the drugs were planted and that the videotape had been tampered with. Other than his own belief, he offers no evidence to support the validity of these claims. Once again, it has been routinely recognized that conclusory allegations of ineffective assistance of counsel claims are insufficient to warrant habeas relief. *Collier v. Cockrell*, 300 F.3d 577, 687 (5th Cir. 2002). Further, the record shows that Watson's attorney had investigated this case and was adequately prepared. The court, therefore, finds this argument is meritless.

In regard to Watson's fourth complaint, he alleges two specific instances in his motion for post-conviction collateral relief where he thought his attorney should have objected. Respondents assert that Watson failed to submit these arguments to the state court. As such, they argue that this claim was not properly exhausted and is now defaulted. *Sones,* 61 F.3d at 416. The court finds it is procedurally barred from considering this argument.

Each of the ineffective assistance of counsel claims are either unsupported or contradicted by the record. Even if there was some deficient performance, which has not been shown by the

Petitioner, there has been no showing of prejudice as required to succeed on such a claim. The State Court's determination that Watson failed to meet the *Strickland* standard was entirely reasonable.

Ground Five: The Indictment

Watson asserts that the indictment was defective because it failed to identify the correct purchaser of the drugs and contained false statements.

An indictment must meet its most basic purpose which is "to fairly inform a defendant of the charge against him." *United States v. Gordon*, 780 F.2d 1165, 1169 (5th Cir. 1986). The validity of an indictment depends on "whether it conforms to minimal constitutional standards." *United States v. Webb,* 747 F.2d 278, 284 (5th Cir. 1984). A defective indictment is not a matter appropriate for habeas relief unless if can be shown that the indictment was "so fatally defective that under no circumstances could a valid conviction result from the facts provable under the indictment." *Johnson v. Puckett*, 930 F.2d 445, 447 (5th Cir. 1991). A defective indictment does not deprive a court of jurisdiction. *United States v. Cotton*, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L. Ed. 860 (2002).

Watson claims his indictment was defective because it failed to identify the correct name of the purchaser of the drugs. The Respondents point out that the trial court judge determined there was no need to amend the indictment to include the C.I.'s name because the indictment accurately charged Watson specific events. S.C.R., Vol. 3, pg. 111. To test the sufficiency of a state indictment, the defendant must prove it is so defective that the convicting court had no jurisdiction. *Riley v. Cockrell,* 339 F.3d 308, 313-14 (5th Cir. 2003). Watson has completely failed to impinge the validity of the indictment much less demonstrate that the indictment was fatally defective. Watson's Ground Five will be denied.

Ground Six: Denial of Due Process and Fair Trial

In this argument, Watson claims he was denied due process and his right to a fair trial because the detectives were unreliable and falsified evidence. Respondents submit that only some of Watson's arguments were actually addressed in his motion for post-conviction release. In that motion, Watson specifically points to a newspaper article that reports suspected financial mismanagement in the North Central Narcotics Task Force. The article, however, does not bolster Watson's claims. It would be a huge leap for the court to transform suspected "financial mismanagement" into fraudulent or even criminal conduct by task force members. Even assuming there was some real instance impropriety at the Task Force, Watson has not and can not show that any such presumed activity directly affected the charges against him. Indeed, it would be a steep hill to climb given the visual evidence produced against him.

Watson raised this issue on a post-conviction motion to the Mississippi Supreme Court, but his motion was denied. Section 2254(d)(1) says that federal habeas relief may not be granted on an issue dismissed on its merits by a state court unless the decision was contrary to established federal law. Federal courts may intervene only where the application of federal law is also unreasonable. *Williams*, 529 U.S. at 362. Based on the absence of any proof supporting Watson's claim that the detectives were unreliable, the Mississippi Supreme Court did not violate established federal law in its decision that this claim was without merit. Watson, therefore, is not entitled to habeas relief.

*D. Conclusion*

The Grounds asserted by the Petitioner, neither singularly nor collectively, rise to a level worthy of habeas relief. From a review of the record, it appears that the Petitioner with the assistance of capable counsel was afforded a fair trial with a jury that returned a reasonable verdict based on competent evidence. Therefore, the Petitioner's claims have no merit and the petition shall

11

be denied in all respects.

A final judgment shall issue in accordance with this opinion.

This the 1st day of August, 2011.

                                     **/s/ MICHAEL P. MILLS**
                                     **CHIEF JUDGE**
                                     **UNITED STATES DISTRICT COURT**
                                     **NORTHERN DISTRICT OF MISSISSIPPI**